Opinion issued November 29, 2007 



 















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00994-CR

____________


FREDERICK HINES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 1063509






MEMORANDUM OPINION

 A jury found appellant, Frederick Hines, guilty of the offense of burglary of a
habitation with intent to commit aggravated assault and assessed his punishment at
confinement for seven years and a fine of $1000. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, the appeal is without merit and is frivolous, and the appeal must
be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
(1967). The brief meets the requirements of Anders by presenting a professional
evaluation of the record and detailing why there are no arguable grounds for reversal. 
Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim.
App.1978). 

 Counsel represents that she has served a copy of the brief on appellant. 
Counsel has also advised appellant of her right to examine the appellate record and
file a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991). More than 30 days have passed, and appellant has not filed a pro se brief. 
Having reviewed the record and counsel's brief, we agree that the appeal is frivolous
and without merit and that there is no reversible error. See Bledsoe v. State, 178
S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).